UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA (FT. PIERCE)
CASE NO. 2:14-cv-14431-RLR

DENNIS A. EVANS and ASHLEY A. EVANS,

Plaintiffs,

v.

DEUTSCHE BANK NAT'L TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-6; MORTGAGE BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-6, MORTGAGE ELECTRONIC REGISTRATION SYSTEM,

Defendants.

_____

**DEFENDANTS' MOTION TO DISMISS**

Defendants, Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2006-6 Mortgage Banked Pass Through Certificates, Series 2006-6 ("Deutsche") and Mortgage Electronic Registration System ("MERS") (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), move to Dismiss Plaintiffs' Complaint with prejudice, and state as follows:

**I. Introduction**

Plaintiffs seek to use this Court to challenge a legitimate state court judgment of foreclosure. Before even considering Plaintiffs' conclusory allegations, this Court should dismiss the Complaint with prejudice pursuant to the *Rooker-Feldman* doctrine. Per their own allegations, Plaintiffs seek federal review of a final state court judgment. The *Rooker-Feldman* doctrine exists to preclude exactly this type of action, one "brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

## II. Background and Allegations

On January 14, 2009, Deutsche filed an action to foreclose Plaintiffs' property in the Circuit Court of Martin County, Florida. *See* Complaint at ¶ 8. On December 20, 2013, after years of litigation, Plaintiffs entered into a Consent Final Judgment of Foreclosure in favor of Deutsche.[1] Pursuant to the Consent Final Judgment, the sale of Plaintiffs' property was scheduled for May 6, 2014. Thereafter, on March 19, 2014, Plaintiffs filed an Emergency Motion to Vacate Final Judgment. On April 23, 2014, the court denied Plaintiffs' Motion to Vacate Final Judgment.[2]

On May 5, 2014, to further delay the sale of the property, Plaintiff, Ashley Evans, filed a Chapter 7 Voluntary Petition in the Southern District of Florida Bankruptcy Court.[3] On May 16, 2014, the Bankruptcy Court dismissed Plaintiff's petition for failure to file the requisite documents.[4] On June 3, 2014, Plaintiffs sought to further delay the foreclosure sale by filing an appeal with the Fourth District Court of Appeals[5]. On July 21, 2014, as a result of Plaintiffs' failure to timely file their brief, the Fourth DCA issued an order dismissing the action. Plaintiffs thereafter waited for the Bankruptcy Court's 180-day dismissal order to become final and sought

---

[1] *See* attached Consent Final Judgment, Exhibit A. Pursuant to Federal Rule of Evidence 201(b), this Court may take judicial notice of a litigant's prior lawsuits. *Brayshaw v. Garrett*, 2011 WL 818453, at *3 (N.D. Fla. 2011). "There is no need to convert the motion to dismiss into one for summary judgment in this situation." *Id*. (citing *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1276–77 (11th Cir. 1999)).

[2] *See* attached foreclosure action docket, Exhibit B.

[3] *See* attached bankruptcy court docket, Exhibit C.

[4] *See* attached order dismissing petition, Exhibit D.

[5] *See* attached Fourth District Court of Appeal docket, Exhibit E.

to have the foreclosure sale rescheduled. On September 12, 2014, the trial court reset the foreclosure sale for October 28, 2014. On the eve of the foreclosure sale, Plaintiff, Dennis Evans, filed a Chapter 7 Voluntary Petition in the Southern District of Florida Bankruptcy Court.[6] Dennis Evans failed to file requisite documents with the Bankruptcy Court, leading that court to dismiss the action on November 7, 2014.[7]

In this lawsuit, Plaintiffs allege that the state foreclosure action resulted in the "illegal theft and sale of their property" by Deutsche. *See* Complaint at ¶ 11. Plaintiffs further allege that the Deutsche never held a security interest in the property, and that the Mortgage which was the subject of the state court action is "invalid, void and unenforceable." *See* Complaint at ¶ 18. Plaintiffs seek a declaration from this Court with respect to the parties' rights to the property. *See* Complaint at ¶ 19. In other words, Plaintiffs seek review from this Court with regard to issues that were addressed and ruled upon by the state court. Pursuant to the *Rooker-Feldman* doctrine, a swift dismissal of this action, with prejudice, is clearly warranted.

### III. Argument

Plaintiffs seek review of the state court's foreclosure action. Respectfully, however, this Court lacks jurisdiction to entertain this lawsuit pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine is the outgrowth of two United States Supreme Court cases which dictate that federal courts do not have jurisdiction to review the judgments and decisions of state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "The *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman,*

---

[6] *See* attached bankruptcy court docket, Exhibit F.

[7] *See* attached order dismissing petition, Exhibit G.

558 F.3d 1258, 1260 (11th Cir.2009); *see also Nicholson v. Shafe,* 558 F.3d 1266, 1271 (11th Cir.2009) (federal district courts have "no authority to review final judgments of a state court"); *Doe v. Florida Bar,* 630 F.3d 1336, 1340–41 (11th Cir.2011) (where applicable, *Rooker–Feldman* deprives federal court of subject matter jurisdiction).

The *Rooker-Feldman* doctrine, as it has come to be known, "is confined to cases of the kind from which the doctrine acquired its name: 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' " *Lozman v. City of Riviera Beach, Fla.,* 713 F.3d 1066, 1072 (11th Cir.2013) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). Thus the doctrine prevents a party who had an opportunity to contest, through the state court system, the propriety of the state court judgment "from seeking what in substance would be appellate review" from a federal district court. *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

The *Rooker-Feldman* doctrine not only prohibits federal district courts from reviewing matters actually resolved in connection with the state court judgment but also those claims "inextricably intertwined" with the judgment. The *Rooker–Feldman* analysis is a two-part inquiry: first, whether the state court proceedings have ended, and second, whether the plaintiff's claims are "inextricably intertwined" with the state court judgment. *See Velazquez v. South Fla. Fed. Credit Union*, 546 Fed. App'x 854, 856–57 (11th Cir.2013). More specifically, such claims lie outside of federal jurisdiction when they meet the requirements outlined by the Supreme Court in *Exxon Mobil*:

> (1) [T]he federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must

4

>have been rendered before the district court proceedings commenced.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).

Plaintiffs' claims in the case at hand are "inextricably intertwined" with the sate court's foreclosure judgment and proceedings. A claim is inextricably intertwined with a state court judgment "if it would 'effectively nullify' the state court judgment, or it 'succeeds only to the extent that the state court wrongly decided the issues.' " *Casale,* 558 F.3d at 1260 (quoting *Powell v. Powell,* 80 F.3d 464, 467 (11th Cir.1996) and *Goodman ex rel. Goodman v. Sipos,* 259 F.3d 1327, 1332 (11th Cir.2001)); *see also Figueroa v. Merscorp, Inc.,* 766 F.Supp.2d 1305, 1316 (S.D.Fla.2011). Plaintiffs' claims and alleged injuries rest upon their assertion that foreclosure by the state court was improper and the result of fraud.

Plaintiffs ask this Court to determine that the judgment and sale of the property was improperly obtained. Indeed, Plaintiffs unsuccessfully challenged (including a dismissed appeal) the foreclosure proceeding in an attempt to prevent the sale of the property. Plaintiffs' claims and allegations of injury invite "review and rejection" of an allegedly injurious state-court foreclosure judgment. This Court has previously considered and rejected a nearly identical attempt to challenge a state-court final judgment. *See*, *e.g.*, *Figueroa v. MERSCORP, Inc.*, 766 F. Supp. 2d 1305 (S.D. Fla. 2011), *aff'd,* 477 Fed. App'x 558 (11th Cir. 2012) (affirming that federal court lacked jurisdiction over RICO action where "federal RICO claims could only succeed if the state court's foreclosure judgment was in error").

Plaintiffs' Complaint is essentially a broad base attack on the state court's final judgment and an attempt to re-litigate/review issues raised in that action. Plaintiffs' allegations fall squarely within the province of *Rooker–Feldman* because they seek relief from this Court which requires adjudging that the state court's final judgment of foreclosure was invalid. Plaintiffs

5

cannot overcome the *Rooker-Feldman* doctrine and their lawsuit must be dismissed with prejudice.

### IV. Conclusion

The *Rooker-Feldman* doctrine prohibits exactly the type of action Plaintiffs seek to maintain. Having exhausted all avenues, including an appeal and bankruptcy actions, Plaintiffs now improperly seek review from this Court. This matter should be swiftly disposed to prevent further and unnecessary litigation by Plaintiffs.

**WHEREFORE**, Defendants, respectfully requests that this action be dismissed with prejudice, for an award of attorneys' fees and costs in their favor, and for such other and further relief as this Court deems just and appropriate.

Dated: December 2, 2014

                              Respectfully submitted,

                              **BLANK ROME, LLP**
                              500 E. Broward Blvd., Suite 2100
                              Fort Lauderdale, FL  33394
                              Telephone: 954-512-1800
                              Facsimile:   954-512-1818

                              */s/ Jack S. Kallus*
                              **Jack S. Kallus**
                              Florida Bar No.56111
                              Bocaeservice@BlankRome.com
                              JKallus@BlankRome.com
                              **Manuel S. Hiraldo**
                              Florida Bar No. 30380
                              MHiraldo@BlankRome.com

## **CERTIFICATE OF SERVICE**

  I, Jack S. Kallus, hereby certify that a copy of the foregoing documents, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage Dennis A. Evans and Ashley A. Evans, 9687 Sharon Street, Hobe Sound, FL  33455.

                /s/ Jack S. Kallus
                Jack S. Kallus