IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTHERN
FT. PIERCE DIVISION

| | | |
|---|---|---|
| DENNIS A. EVANS, ASHLEY A. EVANS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 2:14-cv-14431 |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY AS TRUSTEE FOR AMERICAN | § | |
| HOME MORTGAGE ASSETS TRUST 2006-6 | § | |
| MORTGAGE-BACKED PASS-THROUGH | § | |
| CERTIFICATES, SERIES 2006-6, MORTGAGE | § | |
| ELECTRONIC REGISTRATION   SYSTEMS, | § | |
| INC., and John Does 1-10 | § | |
| | § | |
| Defendants. | § | |
| _____ / | | |

FILED by ____ D.C.

DEC 2 2 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION TO DISMISS

COME NOW, the Plaintiffs, DENNIS A. EVANS and , ASHLEY A. EVANS, Pro Se,

file this Objection in Opposition to Defendant's Motion to Dismiss Complaint. In support thereof

state:

## STATEMENT OF THE FACTS

1. On March 12, 2009 Deutsche Trust Company as Trustee filed a Complaint for

   Foreclosure in the Circuit Court of the Nineteenth Judicial Circuit of Florida in and for

   Martin County.

2. The allegations within the Complaint relied upon a Note that was declared lost or

   destroyed.

3. The allegations later associated with the Complaint relied upon the legal viability of the

1

document purporting to be an "Assignment of Mortgage" dated August 12, 2009 and the Mortgage dated September 15, 2006.

4.   This Complaint resulted in a foreclosure judgment against the Plaintiffs and an illegal theft and sale of their property by Deutsche Trust Company as Trustee.

5.   On August 12, 2009, five months after the Complaint was filed,  and the Note was declared lost or destroyed, MERS, purportedly as a nominee for American Brokers Conduit, signed a document purporting to be an "Assignment of Mortgage" purporting to assign all its beneficial interest in a Mortgage dated September 15, 2006 to Deutsche Trust Company as Trustee.   The document purporting to be an "Assignment of Mortgage" was filed for record on August 14, 2009 in the office of the County Recorder of Martin County, Florida as ins # 2162855. A true copy of the document purporting to be an "Assignment of Mortgage" and referenced in the affidavit of Joseph Esquivel is attached to this Complaint as Exhibit A & B and incorporated herein by reference. (EXHIBIT A & B)

6.   Because the Note was lost or destroyed, and not transferred along with the Mortgage under long standing US case law, the document purporting to be an "Assignment of Mortgage" had no effect as an assignment of the Mortgage.

> The U.S. Supreme Court stated "The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while assignment of the latter alone is a nullity.. . . . The mortgage can have no separate existence. When the note is paid the mortgage expires. **It cannot survive for a moment the debt which the note represents.** This dependent and incidental relation is the controlling consideration . . . ." *Carpenter v. Longan 16 Wall 271,83 U.S. 271, 274, 21 L.Ed. 313 (1872) (emphasis added)*

7.   The purported "Assignment of Mortgage" dated August 12, 2009 is and was a nullity,

because MERS transferred of the Mortgage with no ability to transfer the debt the Mortgage secured.  MERS had no control of the Debt. MERS was never named to the Note and the Note was declared lost or destroyed.

8.  On January 6, 2010 while the previous document purporting to be an "Assignment of Mortgage" was still filed of record, MERS, purportedly as a nominee for American Brokers Conduit, signed a document purporting to be an "Assignment of Mortgage" purporting to assign all its beneficial interest in a Mortgage dated September 15, 2006 to Deutsche Trust Company as Trustee.  The document purporting to be an "Assignment of Mortgage" was filed for record on August 12, 2011 in the office of the County Recorder of Martin County, Florida as ins # 2288351. A true copy of the document purporting to be an "Assignment of Mortgage" and referenced in the affidavit of Joseph Esquivel is attached to this Complaint as Exhibit 1 and  is attached to this Complaint as Exhibit C and incorporated herein by reference. (EXHIBIT C)

9.  The second purported "Assignment of Mortgage" dated January 6, 2010 again is and was a nullity, either because the first transfer on August 12, 2009 was not a nullity and MERS can transfer its interest twice or because MERS transferred of the Mortgage with no ability to transfer the debt the Mortgage secured.

### F. CAUSE OF ACTION

10. An actual controversy exists between Plaintiffs and Defendants regarding their respective rights, in that Defendants claimed that the unpaid balance of the principal of the Note was accelerated for payment is now due and that Defendants has alleged to be entitled to proceed and has proceeded with a foreclosure and sale of the Subject Property.

11. Plaintiffs contend, on the other hand, that there have been no agreements with

Defendants; that Defendants never had a security in the subject property; that the Mortgage is invalid, void and unenforceable.

12. Therefore, Plaintiffs allege that a judicial declaration of the court setting forth the respective rights and duties of the parties in the premises is required

13. The statements contained in the document purporting to be an "Assignment of Mortgage" dated August 12, 2009 filed and recorded by, MERS the document purporting to be an "Assignment of Mortgage" dated January 6, 2010 filed and recorded by, MERS and the Complaint for Foreclosure filed and recorded by Deutsche Trust Company as Trustee were false and untrue in the following particulars:

a.  The balance of the Note was not and is not due and owing to Deutsche Trust Company as Trustee;

b.  No installment payments under the note were or are in default to Deutsche Trust Company as Trustee;

c.  No late charges have been incurred for installment payments on the note and none are due and owing to Deutsche Trust Company as Trustee;

d.  Deutsche Trust Company as Trustee was not entitled to accelerate the balance due on the note by virtue of the sale of the subject property from Plaintiffs;

e.  Deutsche Trust Company as Trustee is and was not entitled to sell or to have sold the subject property to satisfy the obligations of the Note or for any other reason;

f.  Deutsche Trust Company as Trustee's security has not been in any way impaired or prejudiced;

g.  Deutsche Trust Company as Trustee had no right to cause the sale of the subject property from Owner;

4

h. Deutsche Trust Company as Trustee had no right or cause or to request the appointment of a receiver for such purpose;

i. MERS and Deutsche Trust Company as Trustee set forth other false statements contained in the document purporting to be an "Assignment of Mortgage" dated August 12, 2009 and/or other false instruments affecting title.

j. MERS and Deutsche Trust Company as Trustee set forth other false statements contained in the document purporting to be an "Assignment of Mortgage" dated January 6, 2010 and/or other false instruments affecting title.

14. At the time of filing and recording the document purporting to be an "Assignment of Mortgage" dated August 12, 2009 MERS and Deutsche Trust Company as Trustee knew or should have known that the statements contained in the document purporting to be an "Assignment of Mortgage" dated August 12, 2009, were false and untrue, and MERS and Deutsche Trust Company as Trustee further knew or should have known that it had no lawful right to claim a default of the obligations on the Note and to cause a sale of the subject property under the Mortgage; and, furthermore, MERS and Deutsche Trust Company as Trustee knew or should have known there was no just or probable cause for the recording of the document purporting to be an "Assignment of Mortgage" dated August 12, 2009 or the filing of the Complaint for Foreclosure

15. At the time of filing and recording the document purporting to be an "Assignment of Mortgage" dated January 6, 2010 MERS and Deutsche Trust Company as Trustee knew or should have known that the statements contained in the document purporting to be an "Assignment of Mortgage" dated January 6, 2010, were false and untrue, and MERS and Deutsche Trust Company as Trustee further knew or should have known that it had no

lawful right to claim a default of the obligations on the Note and to cause a sale of the subject property under the Mortgage; and, furthermore, MERS and Deutsche Trust Company as Trustee knew or should have known there was no just or probable cause for the recording of the document purporting to be an "Assignment of Mortgage" dated January 6, 2010 or the filing of the Complaint for Foreclosure

16. As a proximate result of MERS and Deutsche Trust Company as Trustee's actions and conduct, Plaintiffs' property has been disparaged, their title to the subject property has been slandered, and the recorded document purporting to be an "Assignment of Mortgage" dated August 12, 2009 constitutes a cloud on Plaintiffs' title.

17. As a proximate result of MERS and Deutsche Trust Company as Trustee's actions and conduct, Plaintiffs' property has been disparaged, their title to the subject property has been slandered, and the recorded document purporting to be an "Assignment of Mortgage" January 6, 2010 constitutes a cloud on Plaintiffs' title.

18. As a further proximate result of MERS and Deutsche Trust Company as Trustee's actions and conduct, the marketability and vendibility of the subject property has been damaged and its fair market value has been diminished in an amount which is presently not ascertained or ascertainable.

19. As a further proximate result of MERS and Deutsche Trust Company as Trustee's actions and conduct, Plaintiffs have incurred expenses, including reasonable attorneys' fees, in order to clear title to the subject property. These expenses are continuing and Plaintiffs will incur additional expenses for such purpose until the cloud on Plaintiffs' title has been removed. The amounts of such expenses and damages have not been ascertained and are not ascertainable at this time.

20. The Note provides that the Lender is entitled to reasonable attorneys' fees if the Lender brings legal action to enforce its rights or collect amounts due on the promissory note. By virtue of this provision it must be construed to permit an award of reasonable attorneys' fees to either party in the event of litigation to enforce rights under the Note according to which party is the prevailing party. Plaintiff has incurred and will continue to incur reasonable attorneys' fees and costs for the bringing of this action to protest their rights under the Note and the Mortgage.

21. Plaintiffs allege that there is implied in law in Note and the Mortgage referred to in this cause of action a covenant of good faith and fair dealing which binds each party to these agreements. MERS and Deutsche Trust Company as Trustee have breached the covenant of good faith and has dealt unfairly with plaintiffs by filing and recording a knowingly false documents purporting to be an "Assignment of Mortgage" dated August 12, 2009, and dated January 6, 2010  by claiming, without right or probable cause, an acceleration of the amount due on the note, by falsely claiming that installments were due and payable to Deutsche Trust Company as Trustee, and by falsely claiming that late charges were due and payable to Deutsche Trust Company as Trustee as a result of such alleged defaults of installment payments.

22. As a further proximate result of MERS and Deutsche Trust Company as Trustee's breach of the covenant of good faith and fair dealing, Plaintiffs have been damaged generally in that mental and emotional distress and other detriment distresses were caused by MERS and Deutsche Trust Company as Trustee's misconduct and there are damages proximately resulting from such injuries.

23. MERS and Deutsche Trust Company as Trustee intentionally and knowingly filed and

recorded the false documents purporting to be an "Assignment of Mortgage" for the sole purpose of annoying, vexing and harassing Plaintiffs in order to compel Plaintiffs to pay or agree to pay to Deutsche Trust Company as Trustee late charges, assumption fees, and increased interest on the Note which Deutsche Trust Company as Trustee had no right to charge or collect. Moreover, Deutsche Trust Company as Trustee sought to collect such amounts from Plaintiffs, not for any lawful purpose in connection with its security, but solely to increase its profits from its loan operations, or, in the alternative, in the event Plaintiffs would not pay late charges, assumption fees and increased interest, to force a sale of the subject property in order to reacquire the balance of its loan for the purpose of reinvesting the proceeds at substantially higher rates of interest than it would have been lawfully entitled to charge on the Note had it any rights to the Note.

24. Deutsche Trust Company as Trustee has proceeded with the sale of the subject property by Trustee under the power of sale in the Mortgage; and, have caused a sale of the subject property which will result in irreparable injury to Plaintiffs in that Plaintiffs' equity in the subject property will be diminished or lost and Plaintiffs' security in the subject property will be impaired or destroyed.

25. Plaintiffs have no plain, speedy or adequate remedy at law.

26. Plaintiffs allege that the false document purporting to be an "Assignment of Mortgage" dated August 12, 2009 was void and was recorded by Pulte Mortgage LLC, MERS and Chase Home Finance LLC without lawful authority or probable cause. The recorded the false document purporting to be an "Assignment of Mortgage" dated August 12, 2009 therefore constitutes a cloud on Plaintiffs' title to the subject property, and it should be stricken and removed.

8

27. Plaintiffs allege that the false document purporting to be an "Assignment of Mortgage" dated January 6, 2010 was void and was recorded by MERS without lawful authority or probable cause. The Defendants recorded the false document purporting to be an "Assignment of Mortgage" dated January 6, 2010 therefore the sale of the property is invalid.

## STANDARD OF REVIEW

When reviewing a motion to dismiss, the court "must take all factual allegations in the complaint as true," but need not do so with legal conclusions. See *Iqbal*, 129 S. Ct. at 1949-50; *see also Juana Montano-Perez v. Durrett Cheese Sales, Inc.*, 666 F. Supp. 2d 894, 901 (M.D. Tenn. 2009) ("[When] there are well-pleaded factual allegations, a court should assume its veracity and then determine whether they plausibly give rise to an entitlement of relief.") (Citation and internal quotations omitted). The motion should fail if the complaint alleges enough facts to "state a claim to relief that is plausible on its face." *See Iqbal*, 129 S. Ct. at 1949; *see also Twombly*, 550 U.S. at 570. The plausibility standard is not a "probability requirement," and a Plaintiff need only plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 129 S. Ct. at 1949 (citation omitted). A court's plausibility determination is "context-specific" and based on "judicial experience and common sense." *See Id. at 1950.*

Under the Federal Rules, a Plaintiff's complaint merely needs to contain a short and plain statement of their cause of action. All additional information in regards to the cause of action, are handled through discovery.

In *Conley v. Gibson*, 355 U.S. 41 (1957), the Supreme Court stated the interplay between Rule 8 (pleading) and Rule 12(b)(6) as follows: "[T]he accepted rule [is] that a complaint should

9

not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Id. at 45-46*. In addition, In *Bell Atlantic Corporation v. Twombly*, 55 U.S. 544 (2007), the Court noted questions raised regarding the "no set of facts" test and clarified that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *See Id.* at 563. It continued: "*Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *See Id.*

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court further elaborated on the test, including this statement: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."" *Id.* at 1949 (citation omitted). Where a complaint is inadequate, leave to amend the complaint is common. *See, e.g., Butt v. United Brotherhood of Carpenters & Joiners of America*, No. 09–4285, 2010 WL 2080034 (E.D. Pa. May 19, 2010).

Also, *Fed. R. Civ. Pro. § 8(a)(2)* provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Judith Kerns v. Int'l Union, UAW*, 583 F. Supp. 2d 885, 895 (M.D. Tenn. 2008). Although a complaint must contain more than "labels and conclusions, and a formulaic recitation of a cause of action's element," Rule 8 does not require "detailed factual allegations." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555); *see also In Re Nissan North Am., Inc., Odometer Litig.*, 664 F. Supp. 2d 873, 881 (M.D. Tenn. 2009).

## ARGUMENT

In the instant action, Defendants state that Plaintiffs' Complaint seeks a review of a state court judgment. However, that is not the case. The Plaintiffs did state facts which include the state court judgments but only to inform this Court of the proceedings that led to the instant action.

The state court judgments have nothing to do with Plaintiff's allegation that his title to the subject property has been slandered and that the Defendants wrongfully "sold" his property. Those causes of action are the product of acts that occurred subsequent to the state court judgments. Hence, the Rooker-Feldman doctrine does not apply in the instant case.

Plaintiffs have conclusive evidence that Defendants did not own the Note and Deed of Trust when the property was sold.

Plaintiffs have identified that they held "fee simple" title to the subject property and that they were in possession of same.  It is apparent that Defendants' claims are adverse to Plaintiffs in this action.   Plaintiffs contend that the Mortgage, though appearing valid on its face, is in fact void and of no force or effect.

The Defendants have violated the laws of Florida by filing fraudulent documents in Public Record with the specific intent to defraud the Plaintiffs and now are attempting to avoid these charges by moving to have the case dismissed where discovery will not be had and the truth revealed. Should the Court force the Defendants to complete discovery in this matter, the need for declaratory judgment will be shown with specificity.

**WHEREFORE**, based on the foregoing, Plaintiffs request the Court to Sustain Plaintiffs' Objection and Opposition to Defendant's Motion to Dismiss in this action and deny the Motion

to Dismiss, thereby allowing this action to proceed on its merits. Plaintiffs request facts and conclusions of law if motion is granted.

Respectfully submitted,

DENNIS A. EVANS
9687 Sharon Street
Hobe Sound, Florida 33455

ASHLEY A. EVANS
9687 Sharon Street
Hobe Sound, Florida 33455

12

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served by

U.S. Mail and/or e-mail to the following party:, Jack S. Kallus, Esq., Blank Rome, LLP, 500 E.

Broward Blvd., Suite 2100, Fort Lauderdale, FL 33394, bocaservice@blankrome.com;

jkallus@blankrome.com; on this 22 day of December, 2014.

DENNIS A. EVANS
9687 Sharon Street
Hobe Sound, Florida 33455

ASHLEY A. EVANS
9687 Sharon Street
Hobe Sound, Florida 33455

Document Prepared By:
**Ron Meharg, 888-362-9638**
When Recorded Return To:
**DOCX**
1111 Alderman Dr.
Suite 350
Alpharetta, GA 30005

| AHMA | 647 | 69565000 |
|------|-----|----------|

CRef#:08/23/2009-PRef#:A031-POF
Date:08/11/2009-Print Batch ID:6843
MIN #: 10002420001416513
MERS Telephone #: 888/679-6377
Property Address:
**9687 SHARON ST**
**HOBE SOUND, FL 33455**
FLaos1-eR2.0   01/07/2009  Copyright (c) 2009 by DOCX LLC

INSTR # 2162855
OR BK 02406 PG 2843
Pgs 2843 - 2844; (2pgs)
RECORDED 08/14/2009  10:59:52 AM
MARSHA EWING
CLERK OF MARTIN COUNTY FLORIDA
RECORDED BY S Phoenix

This Space for Recorder's Use Only

## ASSIGNMENT OF MORTGAGE

**FOR GOOD AND VALUABLE CONSIDERATION,** the receipt and sufficiency of which is hereby acknowledged, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AMERICAN BROKERS CONDUIT,** whose address is **6501 Irvine Center Drive, Irvine, CA 92618,** does by these presents hereby grant, bargain, sell, assign, transfer, convey, set over and deliver unto **Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2006-6 Mortgage-Backed Pass-Through Certificates, Series 2006-6,** whose address is **1761 East St. Andrew Place Santa Ana, CA 92705-4934,** the following described mortgage, securing the payment of a certain promissory note(s) for the sum listed below, together with all rights therein and thereto, all liens created or secured thereby, all obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such mortgage.

Original Borrower(s): **DENNIS A EVANS, A MARRIED PERSON, JOINED BY ASHLEY A. EVANS, HIS SPOUSE**

Original Mortgagee: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICAN BROKERS CONDUIT**

Date of Mortgage: 09/15/2006          Loan Amount: **$639,000.00**
Recording Date: **09/21/2006**    Book: **02181**    Page: **1901** Document #: **1961365**
Misc. Comments: **ASSIGNMENT EFFECTIVE DATE 1/1/2009**

**LEGAL DESCRIPTION: LOT E-51, PAPAYA VILLAGE, ACCORDING TO THE PLAT RECORDED IN PLAT BOOK 2, PAGE 74, AS RECORDED IN THE PUBLIC RECORDS OF MARTIN COUNTY, FLORIDA.**
and recorded in the official records of the **County of Martin**, State of **Florida** affecting Real Property and more particularly described on said Mortgage referred to herein.

**IN WITNESS WHEREOF,** the undersigned has caused these presents to be executed on this date of 08/12/2009.

Witness: Dawn Williams

Witness: Christina Huang

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AMERICAN BROKERS CONDUIT**

**Linda Green**
**Vice President**

**Tywanna Thomas**
**Asst. Secretary**

**EXHIBIT A**

State of **GA**
County of **Fulton**

On this date of **08/12/2009**, before me, the undersigned authority, a Notary Public duly commissioned, qualified and acting within and for the aforementioned State and County, personally appeared the within named **Linda Green** and **Tywanna Thomas**, known to me (or identified to me on the basis of satisfactory evidence) that they are the **Vice President** and **Asst. Secretary** respectively of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AMERICAN BROKERS CONDUIT**, and were duly authorized in their respective capacities to execute the foregoing instrument for and in the name and in behalf of said corporation and that said corporation executed the same, and further stated and acknowledged that they had so signed, executed and delivered said instrument for the consideration, uses and purposes therein mentioned and set forth.

Witness my hand and official seal on the date hereinabove set forth.

_____
Notary Public:

Chris M. Ivey
NOTARY PUBLIC
Fulton County
State of Georgia
My Commission Expires
April 13, 2013

After Recording Return to:
Dennis A. & Ashley A. Evans
9687 Sharon St., Hobe Sound
FL 33455

## AFFIDAVIT OF JOSEPH R. ESQUIVEL JR.

I, Joseph R. Esquivel Jr. declare as follows:

1.  I am over the age of 18 years and qualified to make this affidavit.

2.  I am a licensed private investigator of in the State of Texas, License # A18306.

3.  I make this affidavit based on my own personal knowledge.

4.  I make this affidavit in support of *Mortgage Compliance Investigators'* Chain Of Title Analysis & Mortgage Fraud Investigation prepared for Dennis A. & Ashley A. Evans regarding the Security Instrument and the real property located at 9687 Sharon St., Hobe Sound, FL 33455, as referenced in the Martin County Record.

5.  I have no direct or indirect interest in the outcome of the case at bar for which I am offering my observations.

6.  I am available for court appearances, in person or via telephone, for further clarification or explanation of the information provided herein, if necessary.

7.  I have personal knowledge and experience in the topic areas related to the securitization of mortgage loans, derivative securities, the securities industry, real property law, Uniform Commercial Code practices, predatory lending practices, Truth in Lending Act requirements, loan origination and underwriting, accounting in the context of securitization and pooling and servicing of securitized loans, assignment and assumption of securitized loans, creation of trusts under deeds of trust, pooling and servicing agreements, issuance of asset-backed

# EXHIBIT B

securities and specifically mortgage-backed securities by special purpose vehicles in which an entity is named as trustee for holders of certificates of mortgage backed securities, the economics of securitized residential mortgages, appraisal fraud and its effect on APR disclosure, the foreclosure process of securitized and non-securitized residential mortgages in both judicial and non-judicial states, and the various forms of foreclosure-related fraud.

8.  I perform my research through the viewing of actual business records and Corporate/Trust Documents.

9.  I use professional resources to view these records and documents.

10. I have the training, knowledge and experience to perform these searches and understand the meaning of these records and documents with very reliable accuracy.

11. I am available for court appearances, in person or via telephone for further clarification or explanation of the information provided herein, or for cross examination if necessary.

12. My research through professional services and the viewing of actual business records and Corporate/Trust Documents, determined that an interest in the Dennis A. & Ashley A. Evans Mortgage Loan Instrument was sold sometime shortly after September 15, 2006 to multiple classes of the American Home Mortgage Assets Trust 2006-6.

13. I have looked at a purported to be true and correct copy of a Tangible Promissory Note of Dennis A. & Ashley A. Evans, dated September 15, 2006, regarding a loan for $639,000. The Original Lender of the September 15, 2006 Evans loan is American Brokers Conduit. (See Exhibit "A" attached within)

   a.  This copy of the Dennis A. & Ashley A. Evans Note shows an indorsement, to the Note, from American Brokers Conduit, signed by Ryan Grisgione as Asst. Secretary, made payable to Deutsche Bank National Trust Co. as Trustee for American Home Mortgage Assets Trust 2006-6 Mortgage-Backed Pass-Through

Certificates, Series 2006-6

    a.   Homeward Residential Inc. is not named or referenced in any way on the Dennis A. & Ashley A. Evans Note.

    b.   American Home Mortgage Corp., is not named or referenced in any way on the Dennis A. & Ashley A. Evans Note.

    c.   American Home Mortgage Assets LLC is not named or referenced in any way on the Dennis A. & Ashley A. Evans Note.

14. I have looked at a Mortgage of Dennis A. & Ashley A. Evans, dated September 15, 2006 and filed in the Official Records of the Martin County Clerk's Office on September 21, 2006 as ins# 1961365. (See Exhibit "B" attached within)

    a.   The multiple classes of the American Home Mortgage Assets Trust 2006-6 are not named in any way to the Dennis A. & Ashley A. Evans Mortgage

    b.   Homeward Residential Inc. is not named or referenced in any way on the Dennis A. & Ashley A. Evans Mortgage

    c.   American Home Mortgage Corp., is not named or referenced in any way on the Dennis A. & Ashley A. Evans Mortgage

    d.   American Home Mortgage Assets LLC is not named or referenced in any way on the Dennis A. & Ashley A. Evans Mortgage

    e.   Deutsche Bank National Trust Co. is not named or referenced in any way on the Dennis A. & Ashley A. Evans Mortgage

15. I have looked at the Martin County Record relating to the Dennis A. & Ashley A. Evans Mortgage dated September 15, 2006. The Martin County Record shows an "Assignment of Mortgage", dated August 12, 2009 and filed in the Official Records of the Martin County Clerk's Office on August 14, 2009 as ins# 2162855, signed by Linda Green & Tywanna Thomas as Vice President & Asst. Secretary and notarized August 12, 2009 by Chris M. Ivey, Georgia Notary, where MERS as nominee for American Brokers Conduit grants, assigns, and transfers to Deutsche Bank National Trust Co. as Trustee for American Home Mortgage Assets Trust 2006-6 Mortgage-Backed Pass-Through Certificates, Series 2006-6. (See Exhibit "C" attached within)

16. I have looked at the Martin County Record relating to the Dennis A. & Ashley A. Evans Mortgage dated September 15, 2006. The Martin County Record shows an "Assignment of Mortgage", dated January 06, 2010 and filed in the Official Records of the Martin County Clerk's Office on August 12, 2011 as ins# 2288351, signed by Kathy Smith & Joseph Kaminski as Assistant Secretaries and notarized January 06, 2010 by Colbham Stokes(?), Florida Notary Commission #DD656308, where MERS as nominee for American Brokers Conduit grants, assigns, and transfers to Deutsche Bank National Trust Co. as Trustee for American Home Mortgage Assets Trust 2006-6 Mortgage-Backed Pass-Through Certificates, Series 2006-6. (See Exhibit "D" attached within)

The above statements are affirmed by me under penalty of perjury under the laws of the State of Texas to be true and correct to the best of my knowledge and belief, are based on my own personal knowledge, and I am competent to make these statements.

FURTHER THE AFFIANT SAYETH NAUGHT

By _~Joseph R Esquivel~_____   Executed on _8/21/2014_

Joseph R Esquivel, Jr.

Private Investigator License # A18306

Mortgage Compliance Investigators

STATE OF TEXAS        )
                      )
COUNTY OF TRAVIS      )

Subscribed and sworn before me, _Jessica Rangel_____,

Notary Public, on this __21__ day of __August__, 2014 by

_Joseph Esquivel_____, Proved to me on the basis of

satisfactory evidence to be the person(s) who appeared before me. WITNESS my hand and official seal.

_Jessica Rangel_____

Notary Public

JESSICA RANGEL
Notary Public, State of Texas
My Commission Expires
February 06, 2016

Document Prepared By:
**Ron Meharg, 8888-362-9638**
When Recorded Return To:
**DOCX**
1111 Alderman Dr.
Suite 350
Alpharetta, GA 30005

| DXFX1 | 647 | 69565000 |
|---|---|---|

CRef#:08/23/2009-PRef#:A078-POF
Date:08/11/2009-Print Batch ID:9581
**MIN #:  10002420001431651**3
**MERS Telephone #: 888/679-6377**
Property Address:
**9687 SHARON ST**
**HOBE SOUND, FL 33455**
FLaosi-eR2.0    12/10/2009 Copyright (c) 2009 by DOCX LLC

INSTR # 2288351
OR BK 02531 PG 2756
Pgs 2756 - 2757 (2pgs)
RECORDED 08/12/2011  02:38:29 PM
MARSHA EWING
CLERK OF MARTIN COUNTY FLORIDA
RECORDED BY S Phoenix

This Space for Recorder's Use Only

## ASSIGNMENT OF MORTGAGE

**FOR GOOD AND VALUABLE CONSIDERATION,** the receipt and sufficiency of which is hereby acknowledged, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AMERICAN BROKERS CONDUIT,** whose address is **P.O. Box 2026, Flint, MI 48501-2026,** does by these presents hereby grant, bargain, sell, assign, transfer, convey, set over and deliver unto **Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2006-6 Mortgage-Backed Pass-Through Certificates, Series 2006-6,** whose address is **c/oAmerican Home Mtg Servicing, Inc. 1525 S. Beltline Rd, Coppell, TX 75019,** the following described mortgage, securing the payment of a certain promissory note(s) for the sum listed below, together with all rights therein and thereto, all liens created or secured thereby, all obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such mortgage.

Original Borrower(s):  **DENNIS A EVANS, A MARRIED PERSON, JOINED BY ASHLEY A. EVANS, HIS SPOUSE**
Original Mortgagee:  **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICAN BROKERS CONDUIT**
Date of Mortgage: 09/15/2006          Loan Amount:  **$639,000.00**
Recording Date: 09/21/2006    Book: 02181    Page: 1901 Document #: 1961365
Misc. Comments:  **ASSIGNMENT EFFECTIVE DATE 1/1/2009**

**LEGAL DESCRIPTION: LOT E-51, PAPAYA VILLAGE, ACCORDING TO THE PLAT RECORDED IN PLAT BOOK 2, PAGE 74, AS RECORDED IN THE PUBLIC RECORDS OF MARTIN COUNTY, FLORIDA.**
and recorded in the official records of the **County of Martin,** State of **Florida** affecting Real Property and more particularly described on said Mortgage referred to herein.

**IN WITNESS WHEREOF,** the undersigned has caused these presents to be executed on this date of
6th January 2010



**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AMERICAN BROKERS CONDUIT**

Witness: _Trish McCormack_

Witness: _Christine Alday_

_Kathy Smith_
Kathy Smith
Assistant Secretary

_Joseph Kaminski_
Joseph Kaminski
Assistant Secretary

## EXHIBIT C

11- 02362

State of **FL**
County of **Duval**

    The foregoing instrument was acknowledged before me this 6th January 2010 by Kathy Smith
and Joseph Kaminski as _____Assistant Secretary_____ and _____Assistant Secretary_____ respectively,
on behalf of the corporation. They are (check one) ___Personally known to me or ____ Have produced or
proved to me through satisfactory evidence of identification, Type of Identification: _____, and
acknowledged that they, being duly authorized, have executed the same in their capacities, the foregoing
instrument for the purposes therein mentioned, for and in the name of the corporation.
    Witness my hand and official seal on the date hereinabove set forth.

Notary Public: _____

COLEMAN STOKES
Notary Public - State of Florida
My Commission Expires Mar 31, 201?
Commission # DD ?56308

11-02362