UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:14-CV-14431-ROSENBERG/LYNCH

DENNIS A. EVANS and ASHLEY A. EVANS,

    Plaintiffs,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY *as Trustee for American Home Mortgage Assets Trust 2006-6; Mortgage-Backed Pass-Through Certificates, Series 2006-6*; and MORTGAGE ELECTRONIC REGISTRATION SYSTEM,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant's Motion to Dismiss [DE 8] and the *pro se* Plaintiffs' Response [DE 12]. For the reasons set forth below, Defendant's Motion is granted.

Plaintiffs were the defendants in a state foreclosure action.[1] It is unnecessary to recite the entirety of Plaintiffs' substantial interaction with the legal system here. For purposes of Defendant's Motion, it is only important to note that Plaintiffs' Emergency Motion to Vacate Final Judgment was denied, *see* DE 8 Ex. 2, Plaintiffs' appeal was dismissed for their failure to timely file their brief, *see* DE 8 Ex. 5, Plaintiffs' separate Chapter 7 Voluntary Petitions before the Southern District of Florida Bankruptcy Court were each dismissed, *see* DE 8 Exs. 4, 7, and the original Final

---

[1] Because of the substantial interplay of the Plaintiff's foreclosure action with the facts and circumstances of the instant case, and because the foreclosure action is relevant to the Court's determination of subject matter jurisdiction, the Court takes judicial notice of following: the Consent Final Judgment of Foreclosure in Rem in favor of Defendant, Case No. 09000139CA, in the Circuit Court of the Nineteenth Judicial Circuit (DE 8 Ex. 1); the docket in that case (DE 8 Ex. 2); the Fourth District Court of Appeal's Sua Sponte Dismissal of Plaintiffs' appeal as untimely (DE 8 Ex. 5); the Bankruptcy Court's Order Dismissing Case for Failure of Debtor to Correct Filing Deficiency (Ashley Evans) (DE 8 Ex. 4); and the Bankruptcy Court's Order Dismissing Case for Failure of Debtor to Correct Filing Deficiency (Dennis Evans) (DE 8 Ex. 7). *See, e.g.*, *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[A] court may take notice of another court's order . . . for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation.").

1

Consent Judgment of Foreclosure in Rem still stands.[2] Plaintiff commenced the instant suit on October 28, 2014 seeking, *inter alia*, relief from the foreclosure proceedings and a strike of the "void" sale of the subject property. DE 1 at 10. Defendant argues that this case should be dismissed under the *Rooker-Feldman* doctrine. The Court finds this argument persuasive, as more fully set forth below.

Federal review of state-court judgments may only occur in the United States Supreme Court. 28 U.S.C. § 1257(a); *see also Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305 (S.D. Fla. 2011) (considering a case with analogous arguments). Therefore, this Court lacks jurisdiction to review final state-court judgments. Defendant argues that Plaintiffs' claims seek a review of Plaintiffs' final state-court foreclosure judgment. The *Rooker-Feldman* doctrine encapsulates and delineates the rule that district courts may not review final state-court judgments, and the doctrine precludes review of claims that are "inextricably intertwined" with state judgments. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). However, where a party did not have a "reasonable opportunity to raise [a] federal claim in state proceedings" the doctrine does not apply. *Id.* In such a situation, a plaintiff's claims are not considered to be inextricably intertwined with the state court judgment. *See Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996).

Notably, the Eleventh Circuit and many district courts have applied the *Rooker-Feldman* doctrine to dismiss actions where a plaintiff was seeking, in reality, to challenge state-court foreclosure judgments. *See, e.g.*, *Parker v. Potter,* 368 F. App'x 945, 947-48 (11th Cir. 2010) (rejecting under *Rooker-Feldman* a federal claim under the Truth in Lending Act that sought rescission of a state foreclosure judgment); *Velardo v. Fremont Inv. & Loan,* 298 F. App'x 890,

---

[2] This judgment is a final judgment. *See Arrieta-Gimenez v. Arrieta-Negron*, 551 So. 2d 1184, 1186 (Fla. 1989) ("While it is true, as appellant argues, that a consent judgment is a judicially approved contract, and not a judgment entered after litigation, it is a judgment nonetheless. As such, it is entitled to the same preclusive, res judicata effect as any other judgment issued by a Florida court. To hold otherwise would be contrary to our stated public policy of ensuring the finality of judgments.").

892-93 (11th Cir. 2008) (holding that appellants' federal TILA claims were inextricably intertwined with a state-court foreclosure judgment and thus barred by *Rooker-Feldman*); *Harper v. Chase Manhattan Bank,* 138 F. App'x 130, 132-33 (11th Cir. 2005) (dismissing federal TILA, Fair Debt Collection Practices Act, and Equal Credit Opportunity Act claims under *Rooker-Feldman* because they were inextricably intertwined with a state-court foreclosure proceeding); *Aboyade Cole Bey v. Bank Atl.,* 2010 WL 3069102, at *2 (M.D. Fla. 2010) (finding the court had no jurisdiction to hear plaintiff's case under *Rooker-Feldman* because the case was, "at its core," an attempt to revisit a state-court foreclosure judgment); *Distant v. Bayview Loan Servicing, LLC,* 2010 WL 1249129, at *3 (S.D. Fla. 2010) ("Although plead as conspiracy claims ..., Plaintiff is clearly asking this Court to invalidate the state court action by ruling that the state court foreclosure judgment is somehow void. Under the *Rooker-Feldman* doctrine, [defendant] is correct that this Court lacks subject matter jurisdiction, as Plaintiff seeks a *de facto* appeal of a previously litigated state court matter."); *Figueroa*, 766 F. Supp. at 1320 (collecting and discussing the cases cited above).

Here, Plaintiffs seek to challenge their underlying mortgage that was foreclosed upon as well as the foreclosure proceedings generally. Each of Plaintiffs' claims has a connection with Plaintiffs' mortgage and subsequent foreclosure. After reviewing Plaintiffs' claims in the context of Plaintiffs' factual allegations, the Court finds that Plaintiffs' contention is in essence that the state foreclosure was improperly granted. In their Complaint, Plaintiffs allege, *inter alia*, that the foreclosure judgment entered against Plaintiffs in state court was "an illegal theft and sale of their property by Deutsche Trust Company as Trustee." DE 1 at 2–3. In their prayer for relief, Plaintiffs seek, *inter alia*, "an order of the Court in its decree striking the void sale of the subject [foreclosed] property." DE 1 at 10.

There are no procedural bars to application of the *Rooker-Feldman* doctrine to this case as this case was filed subsequent to Plaintiffs' final state court judgment. *See Exxon Mobile Corp v.*

*Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). None of the actions which Plaintiffs claim were illegal occurred after the state court judgment was entered, despite Plaintiffs' claims to the contrary.³ Plaintiffs essentially seek damages that stemmed from the loss of their home. The only way Plaintiffs could have been damaged was if the loss of their home was wrongful. By granting the Final Judgment of Foreclosure, *see* DE 8 Ex. 1 at 1, the state court has determined that foreclosure was proper. Were judgment to be entered in this case in favor of Plaintiffs, it would necessarily follow that the state court foreclosure was in error and, as a result, this Court cannot grant Plaintiffs their requested relief without disturbing the Florida foreclosure judgment. *See, e.g.*, *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150 (E.D.N.Y. 2010). It is for state appellate courts and the United States Supreme Court to tell state courts that they are wrong. *See Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1324 (S.D. Fla. 2011). To the extent Plaintiffs seek monetary damages and does not seek to overturn the state court foreclosure judgment, this has no bearing on the Court's decision as damages would only be available where there was a wrongful foreclosure. *See, e.g.*, *Rene v. Citibank*, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999). Finally, the Court finds that Plaintiffs did have reasonable opportunity to raise their claims in her state court proceeding. *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).

For the foregoing reasons, the Court finds that Plaintiffs' claims are inextricably intertwined with Plaintiffs' final state court foreclosure judgment and, as a result, the Court finds that it does not have subject matter jurisdiction over Plaintiffs' claims. Accordingly, it is **ORDERED AND ADJUDGED**:

    1.    Plaintiffs' Complaint [DE 1] is **DISMISSED WITH PREJUDICE**;

---

³ Plaintiffs argue that "[t]he state court judgments have nothing to do with Plaintiff's allegation that his title to the subject property has been slandered and that the Defendants wrongfully 'sold' his property. Those causes of action are the product of acts that occurred subsequent to the state court judgments." *See* DE 12 at 11. The conduct that serves as the basis for Plaintiffs' Complaint continues up until August 12, 2011. *See id.* at 3. The parties entered into a Consent Final Judgment of Foreclosure in Rem in favor of Defendant on December 20, 2013. *See* DE 8 Ex 1. The Court thus finds this argument unavailing.

2. Defendant's Motion to Dismiss [DE 8] is **GRANTED**;

3. All other pending motions are **DENIED AS MOOT**;

4. All pending deadlines and hearings are **TERMINATED**; and

5. The Clerk of the Court is directed to **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 23rd day of January, 2015.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record